UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE BACCHI, on behalf of himself and a class of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TARGET CORPORATION, a Minnesota corporation; and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | No. 2:13-cv-01659-GEB-KJN<br><br>**STATUS (PRETRIAL SCHEDULING) ORDER** |

　　　　The parties' Joint Status Report ("JSR") filed November 25, 2013, reveals this case is not ready to be scheduled. The parties state in the JSR concerning possible amendment as follows:

**1. Plaintiff's Statement**

　　Counsel for Plaintiff has informed counsel for Defendant that Plaintiff intended to limit the class to the location where Plaintiff worked. Namely in Paragraph 16, Plaintiff states: ["]Numerosity. (Code Civ. Proc., § 382.) The Class is so numerous (on information and belief, in excess of 15 members)["]

　　Plaintiff's counsel has requested counsel for defendant to stipulate to remand the matter to state Court in light of the inadvertence. Counsel for Defendant refuses to stipulate. Should the Court not remand this matter sua sponte, Plaintiff intends to file a Motion to Dismiss without prejudice under FRCP 41 (a)(2) and refile the matter in

1

>  state court with the limiting language. In the alternative, Plaintiff will file a First Amended Complaint.
>
> **2. Target's Statement**
>
>  Target's counsel communicated to plaintiff's counsel its potential willingness to stipulate to amend the pleadings during the parties' early meeting of counsel under Rule 26(f), without conceding that any stipulation would affect the Court's jurisdiction—because it would not. Under well-established law, post-removal amendments to the complaint do not deprive the court of subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9, if it existed at the time of filing and at the time of removal; and plaintiff does not appear to contest that subject matter jurisdiction was proper, based on his initial pleading, at the time of filing or removal. To date, plaintiff has not provided Target with a copy of his proposed amended complaint.

(JSR 2:9-27, ECF No. 5.) Plaintiff also states later in the JSR that he "will seek leave of court to file a motion for class certification[,] but "requests that the court schedule the Motion for Class Certification after it has ruled on whether this matter should be remanded in light of Plaintiff's Motion to Dismiss without prejudice under FRCP 41 (a)(2) or Motion/Stipulation to file a First Amended Complaint." (Id. at 4:16-19.)

Plaintiffs' representations fail to comply with Plaintiff's obligation under Rule 16 to provide meaningful information on when the referenced matters will be filed. Such information is necessary to enable the Court to schedule this action appropriately and in accordance with Federal Rule of Civil Procedure 23(c)(1), which prescribes: "the court must determine by order whether to certify the action as a class action" at "an early practicable time."

Therefore, the Status (Pretrial Scheduling) Conference set for December 9, 2013, is continued to January 21, 2014, at 9:00 a.m. A further joint status report shall be filed no later than fourteen (14) days prior to the Status Conference, in which Plaintiff shall propose a briefing schedule for the referenced motions.

IT IS SO ORDERED.

Dated: December 2, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3